UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHANNA BRINKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| BLESSING HOSPITAL, a corporation, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Shanna Brinks ["Brinks"], and for her cause of action against the Defendant, Blessing Hospital ["Blessing"], a corporation, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1337 and Title 42, United States Code Sections 2000e-5 and 12117 (a). This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of disability.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since Blessing engages in its business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1. That Brinks is an adult resident of Adams County, Illinois. At the time of the incident giving rise to this case, she was an applicant for employment at Blessing.

2. That Blessing is a corporation which engages in business in Illinois. At all times relevant to this proceeding, it provided healthcare services to residents of West Central Illinois from a medical facility located in Quincy, Illinois.

## STATEMENT OF CLAIMS

3. That at all times pertinent to this proceeding Blessing, in connection with its business enterprise, employed individuals. As such, it was an employer as that term is defined at 42 U.S.C. Section 12111(5).

4. That at all times pertinent to this proceeding Blessing did, in connection with its business enterprise, engage in commerce and in an enterprise effecting commerce.

5. That within the time prescribed by law Brinks did file with the Equal Employment Opportunity Commission ["EEOC"], through the Illinois Department of Human Rights, a charge of civil rights violation against Blessing. This proceeding is being filed within ninety days of her receipt of a Notice of a Right to Sue issued by the EEOC.

6. That Brinks, at all times relevant to this proceeding, suffered from a certain medical condition commonly known as Complex Regional Pain Syndrome ["CRPS"] and Patellafemoral Syndrome. CRPS is a disorder of the central nervous system which oftentimes results from trauma. This medical condition resulted from a trauma occurring when Brinks underwent orthopedic surgery. As a result of this medical condition, Brinks has, since 2010, suffered intense pain in her lower back and legs which limits her mobility.

7. That Brinks, at all times relevant to this proceeding, suffered from a disability as that term is defined under 42 U.S.C. Section 12102(2) because of either:  a) the nature of her medical condition as it existed at the time of the incidents giving rise to the above proceeding; b) her history of suffering from that medical condition; or c) the actions of Blessing in regarding her to suffer from a disability.

8. That since being diagnosed with the medical condition described above Brinks has been under the care of physicians including a pain management specialist.  Various forms of treatment have been attempted to address the pain Brinks experiences as a result of her medical condition.

9. That Brinks for several years has been prescribed two opiates, Hydrocodone and Fentanyl, to treat the symptoms resulting from the medical condition referred to above.  Unlike prior forms of treatment, those medications have been effective in reducing the pain Brinks experiences because of the medical condition described above.

10. That Brinks' use of the prescribed medications referred to in paragraph 9 above has not impaired either her analytic capabilities, critical thinking abilities or her judgment.

11. That during the time period she has taken the medications described in paragraph 9 above Brinks has been fully successful in positions of employment which require her to routinely exercise discretion and judgment as well as engage in critical thinking and problem solving.

12. That the medications described in paragraph 9 above were lawful and appropriately prescribed to treat the symptoms of Brinks' medical condition.  Those medications have been successful in treating the symptoms described in paragraph 6 above.  During the time she took those medications, Brinks:  a) performed the duties of her employment in a fully competent

manner; b) performed her duties safely; and c) did not pose a safety risk to herself or others in the workplace because of either her medical condition or the medications she was prescribed.

13. That on May 4, 2017 Brinks applied for a position in Inpatient Care Coordinator Department at Blessing commonly called the Order Organizer. The person holding that position would work collaboratively with others to manage and prioritize the current and near term service area requests of a patient.

14. That at all times referred to above Brinks, notwithstanding the fact that she suffered from the medical condition described above and was taking certain medications to treat her symptoms, could perform the functions of the Order Organizer position both safely and competently. Accordingly, she was a qualified individual with a disability as that term is defined in 42 U.S.C. Section 12111(8).

15. That by virtue of her training, experience, education and background Brinks was well qualified to hold the Order Organizer position.

16. That the medication referred to in paragraph 9 above was at all times relevant to this proceeding: a) prescribed by her physician to treat the medical condition described above; b) taken in acceptable dosages; c) did not prevent Brinks from satisfactorily performing the duties of her position; and d) would neither impair nor prevent her from safely performing the duties required of the Order Organizer.

17. That at all times relevant to this case Blessing had in place a Health Screening and Immunization Policy. By its terms, any offer of employment extended by Blessing to an applicant was contingent upon the applicant successfully completing a health assessment.

18. That on June 5, 2017 Blessing offered Brinks the Order Organizer position subject to her successfully completing a health assessment.

19. That James Daniels, M.D. ["Daniels"], a medical resource officer of Blessing, was assigned by it to conduct a pre-employment medical assessment of Brinks.

20. That on June 29, 2017 Daniels performed a health assessment of Brinks. During the course of the assessment, Brinks: a) informed Daniels of her medical diagnosis; b) informed him of the medications she was taking; and c) provided him with proof that those medications had been prescribed by her physician.

21. That during the health assessment Daniels rejected Brinks from the Order Organizer position because of the medications she was taking which are referred to in paragraph 9 above.

22. That in rejecting Brinks for the Order Organizer position Daniels did not inquire of Brinks concerning: a) the symptoms of her medical condition; b) the nature and duties of Brinks' prior employment and how she had performed at her job while taking the medications described in paragraph 9; and c) the effectiveness of other forms of treatment Brinks had earlier received because of her medical condition.

23. That notwithstanding Brinks request Daniels refused to speak with the physician treating her who prescribed the medication referred to in paragraph 9 above.

24. That based upon Daniels' health assessment of Brinks Blessing rescinded its offer of employment to her.

25. That by virtue of the foregoing action Blessing discriminated against Brinks because of her disability in violation of 42 U.S.C. § 12112.

26. That as a direct and proximate result of the conduct of Blessing Brinks lost her opportunity of employment with it and the salary and other economic benefits she would have enjoyed in that employment. Additionally, she sustained emotional distress, mental anguish, embarrassment and the loss of enjoyment of life.

WHEREFORE, Brinks respectfully requests that this Court enter judgment in her favor and against Blessing and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. Section 12112 and issue a mandatory injunction against Blessing to take affirmative steps to ensure that it and all individuals working for it refrain from engaging in any further actions against Brinks which violate the foregoing laws;

B. Issue a mandatory injunction directing Blessing to instate Brinks to a position of employment with it which, at the time of trial, she would have held but for the discriminatory conduct complained of in this complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

C. Award Brinks damages sufficient to compensate her for economic losses suffered as a result of the actions complained of above as well as compensatory damages for any personal injuries sustained because of the conduct of Blessing to the extent such is compensable under the law;

D. Assess against Blessing the costs and expenses incurred by Brinks in maintaining the above captioned proceeding together with any reasonable attorneys' fees incurred by her in prosecuting the above case;

E.  Assess against Blessing and in favor of Brinks such liquidated damages and exemplary damages as may be provided by law for the willful violations of the law committed by it; and

F.  Provide for such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, SHANNA BRINKS, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE PROCEEDING BE TRIED BY JURY.

Shanna Brinks, Plaintiff

By: s/ James P. Baker
     One of her Attorneys

James P. Baker
Bar #:  0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois  62701
Telephone:  (217) 522-3445
Facsimile:  (217) 522-8234
E-mail:  jpb@bbklegal.com
(Complaint/brinksshanna federal 041019)